**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION**

CHANDRA LYONS
ADC #704518                                                                                         PLAINTIFF

V.                              CASE NO. 1:16-CV-00160-BRW-BD

B. WILLIAMS, et al.                                                                                 DEFENDANTS

**RECOMMENDED DISPOSITION**

**I.    Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to Judge Billy Roy Wilson.  You may file written objections to this Recommendation.  If you file objections, they must be specific and must include the factual or legal basis for your objection.  Objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Wilson can adopt this Recommendation without independently reviewing the record.  By not objecting, you may also waive any right to appeal questions of fact.

**II.   Discussion:**

On November 22, 2016, Plaintiff Chandra Lyons, an Arkansas Department of Correction ("ADC") inmate, filed this action under 42 U.S.C. § 1983.  (Docket entry #1) She did not pay the $400 filing fee, however, or apply to proceed in forma pauperis ("IFP").  She did indicate that she wanted to proceed IFP in a paper docketed as Amended Complaint.  (#2)  Because of her litigation history, however, Ms. Lyons is not eligible for

IFP status in federal court, absent an allegation that she is in imminent danger of serious physical injury.[1]  Other than conclusory statements, Ms. Lyons did not include any facts in her complaint, or any other paper filed in this lawsuit, that would lead the Court to conclude that she was in imminent danger of serious physical injury.  (#1, #2, #4, #5, #6, #7, #8)

Although Ms. Lyons alleged that she was previously diagnosed with "nerve and [brain] diagnosis" and vision problems, she fails to explain whether any of the Defendants were aware of that diagnosis, or whether the Defendants' alleged failure to provide medical treatment places her at risk of imminent serious physical injury.  (#7 at p.5)

Ms. Lyons complains of medical problems that she suffered in the past.  (#8 at pp.22-24)  Allegations of past impairments are insufficient to support a finding that Ms. Lyons is currently in imminent danger of serious physical injury.  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir.2003) (the imminent danger exception focuses on continuing or future injury, "not on whether the inmate deserves a remedy for past misconduct").

In its December 2, 2016 Order, the Court allowed Ms. Lyons thirty days to pay the filing fee.  In that Order, Ms. Lyons was specifically warned that if she did not pay the fee within the time allowed, her case would be dismissed.  (#3)

---

[1]The following dismissals constitute "strikes"against Ms. Lyons for purposes of determining eligibility for IFP status: *Lyons et al. v. McDonald et al.*, E.D. Ark. Case No. 5:96cv00369 (dismissed March 31, 1997); *Lyons v. Anderson*, E.D. Ark. Case No. 5:96cv00463 (dismissed November 19, 1996); *Lyons v. Thompson*, E.D. Ark. Case No. 5:96cv00547 (dismissed January 22, 1997).

Since the December 2 Order, Ms. Lyons has filed multiple notices with the Court, but she has not paid the filing fee, as ordered, and the time allowed has expired.

### III. Conclusion:

The Court recommends that Ms. Lyons's claims be DISMISSED, without prejudice, based on her failure to comply with the Court's December 2, 2016 Order requiring her to pay the filing fee.

DATED this 13th day of January, 2017.

_____
UNITED STATES MAGISTRATE JUDGE